IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1551-G-BN |
| | § | |
| AMDOCS INC. ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Michael Williams filed a *pro se* complaint alleging claims for violations of 42 U.S.C. § 1981 and Title VII as well as a state law claim for intentional infliction of emotional distress. *See* Dkt. No. 3.

Williams also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. So Senior United States District Judge A. Joe Fish referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Williams's IFP motion, *see* Dkt. No. 5, which subjects the allegations in the complaint to judicial screening under 28 U.S.C. § 1915(e).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the Title VII and state law claims in the complaint with prejudice as time barred.

**Legal Standards**

A district court is required to screen a civil complaint filed IFP (that is, without

payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention

and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

A district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

And for a complaint subject to judicial screening under 28 U.S.C. § 1915(e), if "'it is clear from the face of [such] a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Although the defense of limitations is an affirmative defense, which usually must be raised by the defendants in the district court, this court has held that the district court may raise the defense *sua sponte* in an action proceeding under 28 U.S.C. § 1915. Thus, where it is clear from the face of a complaint filed *in forma pauperis*

that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915[(e)]." (citations omitted))).

## Analysis

In his complaint, Williams alleges that he received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") on February 5, 2020, that he filed a case in state court on December 6, 2022, and that the case was dismissed for want of prosecution on May 8, 2023. *See* Dkt. No. 3 at 2. Although the EEOC right-to-sue letter is not attached, it appears based on all of the facts alleged that the date Williams alleges the letter was received may be incorrect. But even if the date were February 5, 2022, it would not change the limitations analysis for the Title VII claims.

After receiving the right-to-sue letter, Williams had 90 days to file a civil action. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). So even if the letter were received on February 5, 2022, the state case filed on December 6, 2022, would not have been timely filed. *See* Dkt. No. 3 at 2; *see also Williams v. AMDOCS, Inc.*, No. DC-22-17225 (68th Dist. Ct., Dall. Cnty. Dec. 6, 2022).

And even if it were, the fact that Williams may have timely filed his claims in an earlier lawsuit that was dismissed for want of prosecution would not toll the limitations period. *See Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988) (where plaintiff's Title VII suit had been dismissed for failure to prosecute, ninety-day limitations period had not been tolled by timely filing of Title VII suit, and second Title VII lawsuit was time-barred).

But "a litigant is entitled to equitable tolling of a statute of limitations" "if he

establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

But a plaintiff must "allege specific facts" to support all prongs of "a plausible equitable tolling claim." *Taggart v. Norwest Mortg., Inc.*, Civ. A. No. 09-1281, 2010 WL 114946, at *3 (E.D. Pa. Jan. 11, 2010); *see also Chandra v. Bowhead Sci. & Tech., LLC*, No. 3:16-cv-375-B, 2018 WL 1252097, at *4 (N.D. Tex. Mar. 12, 2018) ("[C]ourts 'still require *pro se* parties to fundamentally "abide by the rules that govern the federal courts."' So *pro se* 'litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, ... and brief arguments on appeal.'" (quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014))); *cf. Peterson v. United States*, No. 8:18-cv-217-T-17TGW, 2018 WL 1832417, at *2 (M.D. Fla. Feb. 16, 2018) ("The FTCA's limitation period, however, is subject to equitable tolling. The plaintiff does not even mention that it applies. In light of the length of time between the death and the filing of this lawsuit, a claim of equitable tolling would seemingly be implausible and thus frivolous." (citation omitted)), *rec. adopted*, 2018 WL 1832419 (M.D. Fla. Mar. 14, 2018).

Williams does not allege any facts to show equitable tolling. And it is clear from the face of the complaint that equitable tolling would not apply. The state court complaint was filed after the deadline and dismissed for want of prosecution in May 2023. But Williams waited more than two years to file this lawsuit. Any claim for

equitable tolling of the Title VII claims would be implausible and frivolous.

So Williams's Title VII claims should be dismissed with prejudice as time-barred.

And, under Texas law, claims for intentional infliction of emotional distress are subject to a two-year limitations period. *See* TEX. CIV. P. & REM. CODE § 16.003(a). And the statute of limitations was not tolled by the prior lawsuit that was dismissed without prejudice for want of prosecution. *See Tucker v. City of Corpus Christi*, 622 S.W.3d 404, 408 (Tex. App.—Corpus Christi-Edinburg, pet. denied); *TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 77 n.3 (Tex. App.—Dallas 2014, pet. denied).

So Williams's state law claim for intentional infliction of emotional distress should also be dismissed with prejudice as time-barred.

But Williams's claim under 42 U.S.C. § 1981 is subject to a four-year statute of limitations. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004) (Section 1981 claims relating to "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship" relate to 1991 amendment to Section 1981 and are subject to federal statute of limitations in 28 U.S.C. § 1658).

Williams claims that he was fired on June 17, 2021. *See* Dkt. No. 3 at 11. And he filed this lawsuit exactly four years later on June 17, 2025. So Williams's Section 1981 claim does not appear to be time-barred.

**Recommendation**

The Court should dismiss the Title VII and state tort claims in the complaint

with prejudice as time barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 4, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE